## THE CONINGSBY.

(District Court, S. D. Georgia, E. D. February 18, 1913.)

ADMIRALTY (§ 36*)—LIBEL—STEVEDORES' WAGES—COUNTERCLAIM—INJURY TO SHIP.

Where stevedores, having contracted to unload a ship, found that the cargo had become so compact that it was difficult to unload it and undertook to use dynamite for the purpose, to which the master objected, whereupon it was agreed that there should be no injury to the ship, but injury occurred, the master was entitled to set off the damage so caused against the stevedores' libel for unloading compensation.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 327–334; Dec. Dig. § 36.*]

In Admiralty. Libel for stevedores' wages against the steamship Coningsby, in which the owner filed a cross-libel for injury to the ship. Exception to cross-demand overruled.

John E. Hartridge, of Jacksonville, Fla., and Adams & Adams, of Savannah, Ga., for libelant.

Kay, Dogget & Smith, of Jacksonville, Fla., and Garrard & Meldrim, of Savannah, Ga., for respondent.

SPEER, District Judge. This is a libel brought by stevedores for their pay for unloading a ship. The ship was loaded with kainit. By some means the cargo had become so compacted that it was difficult to unload it, and the stevedores undertook to use dynamite for that purpose. Surely an exceedingly high explosive, the careful use of which would necessarily be demanded. The master, with some apparent reason, objected to the use of the dynamite, and an agreement, more or less binding, was given that there should be no injury to the ship. It is claimed by the master of the ship that the dynamite was so carelessly used that the ship was injured to an extent more than setting off the claim of the libelants for unloading. Now, while the authorities cited by Mr. Adams in his argument are doubtless illuminative, still there is a strong trend from those technicalities which prevent the trial in one proceeding of all controversies closely connected with the principal matter in issue. I think that the manner of unloading by the use of powerful explosives is auxiliary to the main contract. The law, it seems, would presume that no such explosive agency would be utilized. Certainly it was used, and hence for the purpose of this argument we must conclude that the ship was injured. When the stevedore brings libel to recover payment for labor, he can be very readily, and logically, I think, met with the proposition: True, you did unload my ship, but you did it in such a manner as to injure or destroy it. Let us suppose that the dynamite had been so prompt and effective in its operation that, while it elevated the cargo, it also blew out the bottom. If, then, the stevedores should bring suit for removing the cargo, surely a set-off for removing the bottom would be auxiliary, and an apparently proper defense. While I have great admiration for the opinions of the learned proctor who has argued that dynamite is an expeditious and harmless instrumentality for dis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charging a compacted cargo, and that any casualty resulting from its use can only be redressed in a separate and independent proceeding, I find some difficulty in assenting to his conclusions.

On account of this difficulty, I must overrule the exception.